UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| AMANDA GALE TATE | ) | CASE: A25-59695-JRS |
| | ) | |
| | ) | |
| DEBTOR | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com

2.

The plan as proposed will extend to one hundred five (105) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

3.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

4.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period(s) ending December 31, 2020 through December 31, 2021. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

5.

The Debtor has failed to file tax returns with the Internal Revenue Service for the four (4) year period prior to filing in violation of 11 U.S.C. Section 1308.

6.

The Chapter 13 schedules fail to disclose a 2015 Dodge ProMaster, in violation of 11 U.S.C. Section 521.

7.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor has no tax withholdings from her pay.

8.

The plan fails to treat Santander, in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 14th day of October, 2025.

      Respectfully submitted,

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064

# CERTIFICATE OF SERVICE

Case No: A25-59695-JRS

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

AMANDA GALE TATE
210 HINTON CHASE PKWY.
COVINGTON, GA  30016

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

THE LAW OFFICE OF STANLEY J. KAKOL, JR.

This the 14th day of October, 2025.

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201